In the Matter of the Claim of SOLOMON McKENZIE, Respondent, against GEORGE H. FLINN CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from a determination that section 39 of the Workmen's Compensation Law, as amended by chapter 116 of the Laws of 1947, applies to disabilities existing on July 1, 1947. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ.

In the Matter of the Claim of GERTRUDE V. KORZENIEWSKI, Respondent, against DUNKIRK RADIATOR CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal, by the employer and its insurance carrier from an award of the Workmen's Compensation Board for death benefits arising out of the death of John C. Korzeniewski and payable to his widow and minor daughter. The deceased was employed as a paint sprayer of bomb ballast noses. The only issue involved is whether or not the death of decedent arose out of and in the course of his employment. The board found that on May 3, 1945, Korzeniewski sustained accidental injuries which resulted in his death, and that such injuries arose out of and in the course of his employment. The evidence sustains the findings. Award unanimously affirmed, with one bill of costs to be divided between the Workmen's Compensation Board and the claimant-respondent, and disbursements to each. Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ. [See *post,* p. 949.]

In the Matter of the Claim of MICHAEL J. BROWN, Respondent, against ADLERS MONUMENT & GRANITE WORKS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and the State Insurance Fund, as carrier, from so much of an award for total disability as exceeds the sum of $7,000. The award provided for payments during the period of claimant's disability, not in excess of $7,500. The State Insurance Fund urges that under the computative formula provided in section 66 of the Workmen's Compensation Law the award cannot exceed the sum of $7,000. We are unable to see how the formula can be rationally applied to cases where the disability has extended beyond December, 1943, as is the case here. And if the statute is to be considered ambiguous it should be construed most favorably to the claimant. The latter has been totally and permanently disabled as a result of silicosis contracted in his work. His compensation is limited only to $7,500 under the statute as we view it. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ.